NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL DELEON, individually, and on behalf of other members of the general public similarly situated, | No. 11-56699 |
| | D.C. No. 2:10-cv-02468-AG-RNB |
| Plaintiff - Appellant, | |
| | MEMORANDUM[*] |
| v. | |
| TIME WARNER NY CABLE LLC, a Delaware limited liability company, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted January 10, 2013

Pasadena, California

Before:  O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
HELLERSTEIN, Senior District Judge.[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Alvin K. Hellerstein, Senior United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff Saul Deleon appeals from the district court's order granting summary judgment to defendant Time Warner NY Cable LLC ("Time Warner"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court's grant of summary judgment is reviewed de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Summary judgment is appropriate if Time Warner, the moving party, "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence presented in the light most favorable to Deleon, the non-moving party, and draw all justifiable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Time Warner is entitled to summary judgment on Deleon's meal and rest break claims. The evidence is undisputed that Time Warner scheduled breaks at appropriate intervals and encouraged its employees to take their breaks at the scheduled times. Time Warner did not have a duty to police its employees and ensure that they actually took their breaks as scheduled. *See Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 537 (Cal. 2012). The fact that Deleon took late breaks on some occasions is insufficient, by itself, to show a violation of California law. *See id.*

2

Deleon argues that Time Warner's policy requiring employees to complete phone calls before beginning their breaks sometimes forced him to take late meal breaks. If this were true, then Time Warner's policy might fall within *Brinker*'s prohibition on "imped[ing] or discourag[ing]" employees from taking timely breaks. *Id.* However, the available call records do not demonstrate that Deleon was forced to stay on duty because of lengthy calls. Instead the records suggest that Deleon decided on his own to continue working through his scheduled breaks.

Deleon's remaining claims on appeal are derivative of his meal and rest break claims. We affirm summary judgment on those claims as well.

**AFFIRMED.**